IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Richard Morrow, | ) | C.A. No.:   1:23-cv-03228-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **C O M P L A I N T** |
| | ) | |
| Aetna Life Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff, complaining of the Defendant herein, would show unto this Honorable Court as follows:

I.

Plaintiff is a citizen and resident of Warrenville, South Carolina.

II.

Defendant is an insurance company organized and existing pursuant to the laws of one of the States of the United States, and which does business in Warrenville, South Carolina.

III.

In this matter, Plaintiff seeks health insurance benefits under an ERISA plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and that this court has jurisdiction to hear this matter based upon a federal question.

IV.

Plaintiff is provided health insurance through his employer via a plan which is fully insured by Defendant.  Besides being the insurer of the plan, Defendant is also the sole entity

responsible for determining whether claims such as the Plaintiff's should be paid. Accordingly, Defendant is the claim administrator and a fiduciary of the plan for the purpose of deciding whether benefits are payable. As the claim administrator, insurer, and fiduciary of the plan in which Plaintiff participated the Defendant is a proper party Defendant in the matter *sub judice* wherein Plaintiff seeks benefits pursuant to ERISA 29 U.S.C. §1132(a)(1)(B).

V.

Plaintiff underwent certain medical treatment and the resulting claims were submitted to Defendant for processing and payment.

VI.

Defendant denied Plaintiff's claim. Plaintiff appealed the denial and attempted to fully exhaust administrative remedies, but Defendant, who is the claims fiduciary of the plan, has failed and refused to allow Plaintiff to meaningfully exhaust administrative remedies because it has failed to provide Plaintiff with the documents that served as a basis for denial as required by 29 C.F.R. § 2560.503-1 despite multiple requests by Plaintiff's counsel (*see* exhibit A hereto which are Plaintiff's collective letters requesting relevant documents). Defendant's failure to provide the requested documents is a breach of its fiduciary duty which has made it impossible for Plaintiff to fully exhaust administrative remedies and Plaintiff is excused from fully exhausting administrative remedies pursuant to the doctrine of futility.

## FOR A FIRST CAUSE OF ACTION

VII.

Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

VIII.

Plaintiff respectfully requests that this Court consider the administrative record compiled in this case and additional evidence *de novo*, and declare, pursuant to 29 U.S.C. §1132(a)(1)(B), that Plaintiff is entitled to the benefits which he seeks under the terms of the plan. Alternatively, in the event that the court reviews the record and/or other relevant information and determines that the Defendant breach its fiduciary duty and/or abused its discretion by not considering all of Plaintiff's submissions, then Plaintiff respectfully asks that, in the event of such a finding, that the court exercise its inherent power to remand Plaintiff's claim for a "full and fair" review by the appropriate claim fiduciary Defendant. Should the court remand the matter or award Plaintiff any part of the relief requested, Plaintiff additionally prays that the Court award him attorney's fees and costs pursuant to 29 U.S.C. §1132(g).

**WHEREFORE,** having fully stated his complaint against the Defendant, Plaintiff prays for a declaration of entitlement to the health insurance benefits he seeks pursuant to 29 U.S.C. §1132(a)(1)(B) and/or a remand of his claim, attorney's fees and costs pursuant to 29 U.S.C. §1132(g), and such other and further relief as this Court deems just and proper, including pre-judgment interest on all benefits due from the point at which benefits were payable through the time of judgment.

s/ M. Leila Louzri
M. Leila Louzri, Esq.
Federal Bar #: 12007
**FOSTER LAW FIRM, LLC**
PO Box 2123
Greenville, SC 29602
(864) 242-6200
(864) 233-0290 (facsimile)
E-mail: llouzri@fosterfoster.com

Date: July 7, 2023       Attorneys for Plaintiff